552 A.2d 365

Titusville Hospital, Petitioner *v.* Workmen's Compensation Appeal Board (Ward), Respondents.

Submitted on briefs June 21, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Stanley G. Berlin,* for petitioner.

*John W. McTiernan,* with him, *John D. Strader, Caroselli, Spagnolli & Beachler,* for respondent.

OPINION BY JUDGE SMITH, January 17, 1989:

Titusville Hospital (Employer) appeals from the order of the Workmen's Compensation Appeal Board (Board) reinstating total disability compensation to Judy Ward (Claimant) as of November 12, 1983 until Claimant's disability changes within the meaning of The

Pennsylvania Workmen's Compensation Act[1] (Act), and reversing the referee's decision to the extent that it ordered Claimant entitled only to partial disability benefits commencing January 28, 1985. The sole issue presented for review is whether Employer sufficiently established the availability of work within Claimant's limitations. The Board's decision is affirmed.

Claimant, a licensed practical nurse, sustained a work-related back injury on January 20, 1983 for which she received compensation benefits until suspension thereof. Claimant subsequently returned to her pre-injury position on September 27, 1983. While assisting a patient on November 11, 1983, Claimant aggravated her pre-existing back condition and subsequently filed her claim for reinstatement of benefits.

After several hearings, the referee found that Claimant suffered acute lumbosacral strain causally related to the November 11, 1983 work-related incident and was totally disabled until released by her treating physician for light-duty work on January 7, 1985. The referee further found that there was work available to Claimant within her limitations as of January 28, 1985, thereby entitling Employer to a modification of compensation as of that date. Claimant thereafter appealed to the Board which found that the referee erred in concluding that Employer had sufficiently demonstrated availability of work in light of Claimant's testimony that she had applied for the job in question, but was not hired. Employer then petitioned this Court for review.[2]

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1031.

[2] Where both parties present evidence before the referee, as here, this Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.

Since Claimant satisfied her burden of proving that the work-related injury precludes her from performing as a licensed practical nurse, the burden shifted to Employer to establish that other work was available to Claimant. *See Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987). Factors to be considered in determining whether work is available to Claimant or within Claimant's reach include Claimant's physical limitations, age, intellectual capacity, education, prior work experience, and other relevant considerations, such as Claimant's place of residence. Moreover, the referee's decision as to whether Claimant can perform the job in question is reviewable as a finding of fact. *Id.*

Employer initially contends that the Board erred in reversing the referee's finding as to work availability since it was premised upon a credibility determination and supported by substantial competent evidence. Claimant, on the other hand, argues that the record demonstrates that Claimant applied for many of the job referrals provided by Employer but was not hired by any of the prospective employers, and therefore, Employer failed to satisfy its burden of proving the availability of work to support the referee's finding of partial disability. The referee found in pertinent part that:

> 5. The Defendant presented the testimony of a vocational rehabilitation expert. He testified to approximately ten jobs which he claimed were available to the Claimant and which she could perform with her physical limitations. One of these was a medical examiner/audit nurse with Equifax. ...

S. §704; *City of Harrisburg v. Workmen's Compensation Appeal Board (Gebhart),* 118 Pa. Commonwealth Ct. 22, 544 A.2d 1078 (1988).

6. The Claimant testified in rebuttal that she applied for most of the jobs that she was informed about. In addition thereto, she applied for other jobs, but was not hired by anyone.

8. Taking into consideration all the testimony in the record, · and having regard for the Claimant's physical restrictions and limitations, her age, her intellectual capacity, her education, her previous work experience, your Referee finds that as of January 28, 1985, there was work available which the Claimant was capable of performing and which would have paid her an average weekly wage of $150.00, to wit: the job of medical examiner/audit nurse with Equifax.

Findings of Fact Nos. 5, 6, 8.

Employer presented the testimony of Eugene A. Czuczman, a vocational rehabilitation representative, who failed to state whether Claimant was hired for the Equifax position. Documentary. evidence as well as · Claimant's testimony, however, demonstrate that Claimant was not hired for this position. Deposition Exhibit No. 2; N.T., p. 9, July 18, 1985 Hearing. Accordingly, Employer failed to establish that the Equifax position was available to Claimant. *See Rettinger v. Workmen's Compensation Appeal Board (American Can Co.)*, 103 Pa. Commonwealth Ct. 595, 520 A.2d 1252 (1987).

Employer alternatively argues that while the referee only selected the Equifax job as being available, Employer's vocational rehabilitation representative also testified as to the availability of numerous other jobs for which Claimant refused to interview. Nothing in the record indicates that Employer raised this issue before the Board. Nonetheless, Claimant did apply but was not hired for one of these positions while another of the positions was not approved by Claimant's treating physician, but for which she applied and was again not hired.

Czuczman's Deposition, pp. 32-34; Exhibit No. 10. The remaining job referrals were located between sixteen and thirty-two miles from Claimant's residence. N.T., p. 8, July 18, 1985. Testimony demonstrates that Claimant did not have access to transportation to interview for these positions and that she made the vocational rehabilitation representative aware of her difficulties. N.T., pp. 10, 13; Czuczman's Deposition, pp. 32, 38-40, 48. Absent proof by Employer that suitable work is available to Claimant within the area of her residence, Employer failed to show that such work is in fact within Claimant's reach. *See Marinelli v. Workmen's Compensation Appeal Board (Jetnet Corp.)*, 106 Pa. Commonwealth Ct. 181, 525 A.2d 883, *appeal denied*, 517 Pa. 601, 535 A.2d 1059 (1987); *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board*, 32 Pa. Commonwealth Ct. 147, 377 A.2d 1304 (1977). Since the referee erred in basing his decision upon insufficient evidence of work availability, the Board properly reversed the referee and reinstated total disability benefits to Claimant as of November 12, 1983.

Accordingly, the Board's decision is affirmed.

ORDER

AND NOW, this 17th day of January, 1989, the order of the Workmen's Compensation Appeal Board is affirmed.

Judge MACPHAIL did not participate in the decision in this case.