598 A.2d 1032

**Clarita B. SCHEIB, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (AMES DEPARTMENT STORE), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 12, 1991.

Decided Oct. 23, 1991.

Section 104, [77 P.S. § 22]. The term 'employe,' as used in this act, is declared to be synonymous with servant ...

194

Michael L. Bangs, for petitioner.
Edward H. Jordan, Jr., for respondent.

Before COLINS and PELLEGRINI, JJ., and LORD, Senior Judge.

PELLEGRINI, Judge.

Clarita B. Scheib (Claimant) appeals from the order of the Workmen's Compensation Appeal Board (Board) reversing the Referee's denial of a Petition for Suspension of Total Disability Benefits because the Referee's finding that the work offered to Claimant was not suitable was not supported by substantial evidence.

On February 18, 1985, while working as a clerk at Ames Department Store (Employer), Claimant slipped on a wet floor, injuring her right knee, causing her to be unable to stand or walk for more than 15 minutes at a time. Although she attempted to return, she was unable to perform her work as a clerk due to her injury, and consequently, she has been receiving total disability benefits continuously since August, 1986.

To find alternative employment for Claimant, Employer utilized a job development service which referred Claimant to five positions that were deemed to be medically suitable. The positions were: a clerk eight miles from her residence; a billing clerk ten miles from her residence; a receptionist or a telephone operator, both approximately thirty-seven miles from her residence; and a stapler, a light factory job, within Millersburg. Claimant failed to apply for any of these positions.

Because Claimant failed to apply for the positions, Employer filed a petition for suspension or modification. At the hearing, Claimant contended that she was justified in not applying for the proffered jobs because they were not suitable, either because of her work-related injury or because they were not within Millersburg, where all of her previous employment had been situated. Moreover, even though she had a vehicle available to her and she drove out of town for personal reasons, she believed that a job outside of town was not suitable because she preferred not to drive on ice or snow.

The Referee found that the stapler job, the only job within Millersburg, was vocationally unsuitable, because of lifting and moving requirements that the job entailed, and that the other jobs were also not suitable, based on Claimant's work history of only working within Millersburg and her predilection against driving outside of town or on icy or snowy roads. While the Board agreed that the stapler job was not within her vocational limitations, the Board found no justification for the Referee's conclusion that the remaining jobs were unsuitable based on their location and reversed. This appeal followed.

Claimant contends that the Board erred in reversing the Referee, because she believes her employment history of only working within Millersburg and her dislike of driving on ice or snow were proper factors for the Referee to consider in determining that jobs outside of her town were unsuitable.[1]

In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), our Supreme Court set forth requirements that must be met by an employer in order to offer suitable alternative employment for an injured employee. One of those requirements is that the employer must "produce evidence of a referral (or referrals) to a then-open job (or jobs) which fits in the occupational category for which the claimant has been given medical clearance, e.g., light work, sedentary work, etc." *Kachinski*, 516 Pa. at 252, 532 A.2d at 380. "Factors to be considered in determining whether work is available to claimant or within claimant's reach include claimant's physical limitations, age, intellectual capacity, education, prior work experience, and other relevant considerations, such as claimant's place of residence." *Titusville Hospital v. Workmen's Compensation Appeal Board (Ward)*, 122 Pa.Commonwealth Ct. 619, 621, 552 A.2d 365, 366 (1989); *see also, Kachinski*, 91 Pa.Commonwealth Ct. 543 at 546, 498 A.2d 36 at 38–39.

1. Claimant does not contend she is physically incapable of performing any of the four remaining jobs.

Claimant relies on our decision in *Titusville*, because there, we held that based on prior work experience and place of residence, the offers of employment, some located up to thirty-two miles from that claimant's home, were not "available" work. While we took those factors into consideration, our decision in *Titusville* was not based on the claimant's preference to work only in her home town, but because claimant neither had personal or accessible public transportation to the positions offered. As long as the position is within a geographic area where others in the same community would accept employment, a person's personal preference as to where he or she would like to work is irrelevant as long as he or she is physically able to perform the available job. *See, State Products Corporation v. Workmen's Compensation Appeal Board*, 61 Pa.Commonwealth Ct. 366, 372, 434 A.2d 207, 210 (1981).[2] Because the jobs offered by the Employer were within her physical capabilities and were accessible through personal transportation, the jobs were suitable and available.

Claimant also contends that the Board erred in reversing the Referee's conclusion that the Agway Home Center job, the clerk position located eight miles from Claimant's residence, was "vocationally" unsuitable. The Referee's findings of fact concerning the Agway Home Center job related to Claimant's prior work history within Millersburg and her predisposition against driving outside of Millersburg to work. No finding was made that Claimant was physically incapable of performing the job, only that it was not suitable because it was outside Millersburg. Having decided that geographical preferences do not make the offered positions unavailable to the Claimant, we affirm the Board's reversal on that point, because the Referee's statement about the vocational unsuitability of the Agway Home Center job was not supported by substantial evidence.

**2.** For example, the fact that a claimant finds a job degrading, based on his age and experience, is not a proper reason for refusing to apply for the job under *Kachinski*. *Hendry v. Workmen's Compensation Appeal Board (Miller & Norford, Inc.)*, 133 Pa.Commonwealth Ct. 28, 32, 577 A.2d 933, 935 (1990).

This court's review of an appeal is limited to determining whether the petitioner's constitutional rights were violated, an error of law was committed, or whether the necessary findings of fact were supported by substantial evidence. *Colt Industries v. Workmen's Compensation Appeal Board*, 51 Pa.Commonwealth Ct. 354, 356, 414 A.2d 439, 440 (1980). Because the Referee's findings that the jobs at issue were unsuitable for Claimant because of their geographic location was not supported by substantial evidence and that personal desires of a claimant as a matter of law never make a proffered job unsuitable, the Board correctly reversed the Referee's decision and the order of the Board is affirmed.

## ORDER

AND NOW, this 23rd day of October, 1991, the order of the Workmen's Compensation Appeal Board at No. A89–1229, dated January 24, 1991, is affirmed.