631 A.2d 794

**GOODWILL INDUSTRIES OF PITTSBURGH and Old Republic Insurance Co., Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (FRIEND), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 25, 1993.

Decided Sept. 1, 1993.

George H. Thompson, for petitioners.

Amiel B. Caramanna, Jr., for respondent.

Before CRAIG, President Judge, and PALLADINO, J., and KELTON, Senior Judge.

KELTON, Senior Judge.

Goodwill Industries of Pittsburgh (Employer) and its insurance carrier, Old Republic Insurance Co., petition for review of an October 26, 1992 order of the Workmen's Compensation Appeal Board (Board) dismissing Employer's petition for suspension or modification of benefits. Employer alleges that there was light-duty work available to Gertrude Friend (Claimant) within her limitations. Because we conclude that Employer failed to demonstrate that the proffered, part-time, light-duty position with a three-hour, daily bus commute was within Claimant's geographic area, we affirm.

The facts are as follows. On July 21, 1986, Claimant sustained a fractured sacrum and herniated disk at L 4–5 of

her lumbar spine while working as a supervisor at Employer's Ambridge location. Pursuant to a notice of compensation payable, she received a weekly disability payment of $127.98 per week based upon an average weekly wage of $142.20. She returned to work for a brief period on September 29, 1986, but her total disability compensation was reinstated effective October 31, 1986 pursuant to a November 19, 1986 supplemental agreement.

Employer filed a petition for termination on January 27, 1988, alleging that Claimant was able to return to work. At the hearing, Employer claimed that there was light-duty work available to Claimant within her limitations at its Pittsburgh south-side location. On September 10, 1990, the Referee found that, although Claimant was capable of performing the proffered, light-duty work, it "is not reasonable for the Claimant because of its distance from her home, because of the time and expense of travel, and because of the very low income which it provides." Finding of Fact No. 3, 9/10/90.

In a September 13, 1991 decision, the Board, concluding that the Referee should not have considered the economics of the position, remanded the case to the Referee for a determination as to whether a thirty-mile commute would place the position outside of Claimant's geographic reach.

The issue before us for review is whether the Referee erred in finding that the twenty-hour per week, light-duty job in the south side of Pittsburgh, thirty miles from Claimant's home in Ambridge, Beaver County, with a three-hour, daily bus commute involving four transfers, was unavailable to her because it was outside of her geographic area.

Our scope of review here is limited to determining whether any parties' constitutional rights were violated, whether an error of law was committed, or whether all crucial findings of fact are supported by substantial evidence. *Baughman v. Workmen's Compensation Appeal Board (Laurel Environmental Services Inc.),* 121 Pa.Commonwealth Ct. 627, 550 A.2d 1051 (1988), *petition for allowance of appeal denied,* 525 Pa. 613, 577 A.2d 545 (1989).

Employer submits that the Referee erred in finding that the position was not within Claimant's geographic area, arguing that under *Scheib v. Workmen's Compensation Appeal Board (Ames Department Store)*, 143 Pa.Commonwealth Ct. 193, 598 A.2d 1032 (1991), as long as a position is within the geographic area where others in the same community would accept employment, a claimant's personal preference as to location is irrelevant if he or she is physically able to perform the available job.

Specifically, Employer argues that the Referee's Findings of Fact numbers 4, 5, and 6 are not supported by substantial, competent evidence of record. Those findings are as follows:

4. For the present decision, I did not consider the economics of the light duty work which [Employer] offered to the Claimant.[1] I applied to that work a standard applied by the Commonwealth Court of Pennsylvania in [*Scheib v. Unemployment Compensation Board of Review*, 143 Pa.Commonwealth Ct. 193, 598 A.2d 1032 (1991).] In that decision, the Court stated that a position which is within a geographic area where others in the same community would accept employment is work which is available.

5. I am convinced, and find, that other individuals who reside in the Claimant's geographic area would not accept the position which [Employer] offered to her because of the travel time required for this position.

6. The bus commute required for the offered light duty part-time work is not reasonable. The offered work is therefore outside of her reach.

Finding of Fact Nos. 4, 5 and 6 (footnote added).

In *Scheib*, which also involved an employer attempting to place a claimant with a prior work-related injury in a medically-suitable position, we held that a claimant's personal preference to work in her hometown was irrelevant to a determination as to whether or not a job was available under the second prong of *Kachinski v. Workmen's Compensation Appeal*

1. The salary of the proffered position is $3.35 per hour.

*Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987).

Our Supreme Court in *Kachinski* set forth the criteria that must be met in order to determine if suitable alternative employment has been offered to an injured employee. The second *Kachinski* criterion requires that the employer must "produce evidence of a referral (or referrals) to a then-open job (or jobs) which fits in the occupational category for which the claimant has been given medical clearance...." *Id.*, 516 Pa. at 252, 532 A.2d at 380.

Quoting *Titusville Hospital v. Workmen's Compensation Appeal Board (Ward)*, 122 Pa.Commonwealth Ct. 619, 621, 552 A.2d 365, 366 (1989), we noted in *Scheib* that "[f]actors to be considered in determining whether work is available to claimant or within claimant's reach include claimant's physical limitations, age, intellectual capacity, education, prior work experience, and other relevant considerations, such as claimant's place of residence." *Scheib*, 143 Pa.Commonwealth Ct. at 197, 598 A.2d at 1034.

Here, Claimant acknowledges that Ambridge residents work in the City of Pittsburgh. She contends, however, that Employer misinterprets our decision in *Scheib* by arguing that it stands for the proposition that, as long as someone from Ambridge would accept *any* position in Pittsburgh and was able to get there by either personal or public transportation, then that position is "available" under *Kachinski.*

██ Although other Ambridge residents work in Pittsburgh, some of whom obviously use the available public transportation at issue here, that does not mean that another resident would accept a four-hour per day job involving a three-hour per day bus commute. This job was outside of Claimant's geographic area, not because others from her community would not accept work in the City, but because the Referee found that the three-hour per day bus commute when compared with the four-hour work day was not reasonable for other persons as well as for Claimant.

██ A referee as factfinder must have some latitude in determining what is "available" to a specific claimant on the

basis of the numerous factors set forth in *Titusville*. This "totality of circumstances" approach does not rob the availability determination of the objectivity which our Court sought to impose in *Scheib*. Obviously, although the test to be applied in *Scheib* and *Titusville* may not be based upon the subjective personal preferences of the claimant as to job location, cases involving relatively long commutes and relatively short work days must be examined on their individual fact patterns as deemed appropriate for a reasonable person in the position of the claimant.

Here, we do not believe that the Board or Referee erred in concluding that the particular proffered work was outside of Claimant's reach.

For the above reasons, we affirm.

### *ORDER*

**AND NOW**, this 1st day of September, 1993, the order of the Workmen's Compensation Appeal Board dated October 26, 1992 at No. A92–0002 is hereby affirmed.