639 A.2d 869

**DME COMPANY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (PETERS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 21, 1994.

Decided March 9, 1994.

Dennis J. Bonetti, for petitioner.

Stuart A. Cilo, for respondent.

Before CRAIG, President Judge, and NEWMAN, J., and DELLA PORTA, Senior Judge.

NEWMAN, Judge.

DME Company (Employer) appeals from an Order of the Workmen's Compensation Appeal Board (Board) affirming the referee's denial of its Petition for Termination and/or Modification of Disability Benefits. We affirm.

On August 20, 1984, Michael L. Peters (Claimant), while working for Employer, severely injured his back when he attempted to move a barrel. Consequently, a Notice of Compensation Payable was issued on September 17, 1984 and total disability benefits were paid to Claimant. A Final Receipt of Compensation was filed on November 19, 1984, stating that Claimant's disability had ended as of November 7, 1984. However, within a year Claimant's disability recurred, and a supplemental agreement was entered into on October 7, 1985.

On May 19, 1988, Central Rehabilitation Associates (CRA), a job development service, hired by Employer to find alternative employment for Claimant, conducted an interview of Claimant in order to establish his vocational profile. After representatives of CRA contacted Claimant's treating surgeons, it was determined by these physicians that Claimant was able to perform light duty work. Thereupon, from August 24, 1988 through September 1, 1989, CRA referred a total

of seventeen (17) jobs to Claimant. Of these seventeen (17) jobs, four (4) claimed openings were either previously filled or were otherwise unavailable. Moreover, the job descriptions of two (2) positions were inaccurate because they exceeded Claimant's medical restrictions. Only one (1) of the remaining eleven (11) positions was actually offered to Claimant. That position was of a sales clerk in a general store in the town of Spring Mills, Pennsylvania, approximately twenty (20) miles from Claimant's home. Claimant rejected the offer of employment.

Subsequently, on October 13, 1989, Employer filed a Termination Petition alleging that Claimant had fully recovered from his work-related injury as of August 11, 1989. Employer amended its petition on January 29, 1990 to include a modification based upon the alleged availability of jobs within Claimant's physical abilities.

After conducting three (3) hearings,[1] the referee issued his decision, and denied Employer's petition, determining, *inter alia,* that Claimant still experienced residual pain from his work-related injury, that Claimant was properly released to perform light duty work, and that the sales clerk position was not "available" to Claimant, since it was located twenty (20) miles from his home, and he lacked adequate transportation to commute to the position. The Employer appealed to the Board which affirmed. The appeal to this Court followed the Board's decision.

We are presently asked to decide whether the referee's finding of fact, that the sales clerk position was "unavailable" to Claimant, was supported by substantial evidence.[2]

In its brief, Employer contends that the referee should have ordered a modification of Claimant's benefits since he unrea-

---

1. The second of these hearings essentially was comprised of the referee's ruling on Employer's request for supersedeas which was denied.

2. Our standard of review on appeal from a final order of the Board consists of whether the referee's finding of facts are supported by substantial evidence, whether an error of law was committed, or whether a constitutional violation occurred. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

sonably rejected an "available" job within his physical limitations. Specifically, Employer maintains that the referee's exact finding as to the "unavailability" of the sales clerk position to Claimant was not supported by the record.

In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), our Supreme Court set forth four (4) requirements that must be met by an employer in order to offer suitable alternative employment for an injured employee. The requirements are:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Id.*, at 252, 532 A.2d at 380.

With respect to the second element of *Kachinski*, this Court in *Titusville Hospital v. Workmen's Compensation Appeal Board (Ward)*, 122 Pa.Commonwealth Ct. 619, 621, 552 A.2d 365, 366 (1989), stated that "[f]actors to be considered in determining whether work is available to [c]laimant or within [c]laimant's reach include [c]laimant's physical limitation, age, intellectual capacity, education, prior work experience, and other relevant consideration, such as *[c]laimant's place of residence.*" [Emphasis supplied]. The Court further stated that the question of "availability" is reviewable as a finding of fact. *Id.*

The referee's finding that the sales clerk position was "unavailable" to Claimant since he lacked adequate transpor-

tation was supported by substantial evidence.[3] The general store owner, Marie Shaffer, testified not only that no individual from Claimant's home town or general area worked at the general store, but also that there was no public transportation available that would have enabled Claimant to commute to the general store. (Notes of Testimony (N.T.), March 6, 1991, at 15)

Moreover, Claimant, himself, presented unrefuted testimony that the only car owned by his family at the time that he applied for the sales clerk position was a 1966 Pontiac Bonneville with over 120,000 miles on the odometer. (*Id.* at 20–21). Claimant further testified that in his opinion the vehicle was unstable and unreliable. (*Id.* at 21). This evidence was additionally supported by the testimony of Claimant's wife who testified that the vehicle was frequently unusable. (*Id.* at 40–41). Since there existed substantial evidence supporting the referee's determination that the sales clerk position was "unavailable" to Claimant on account of the distance from his home to the general store, vis-a-vis his lack of adequate transportation, the referee's finding of fact in this regard was not in error.

Employer incorrectly contends that the instant matter is controlled by our decision in *Scheib v. Workmen's Compensation Appeal Board (Ames Department Store)*, 143 Pa.Commonwealth Ct. 193, 598 A.2d 1032 (1991). In *Scheib*, the claimant was offered five positions by a job development service that were deemed to be medically suitable for her condition, which caused her to be unable to stand for any period longer than fifteen (15) minutes. The location of these positions ranged from eight (8) to thirty-seven (37) miles from

3. In *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Strube)*, 132 Pa.Commonwealth Ct. 277, 282, 572 A.2d 838, 840 (1990), *aff'd*, 531 Pa. 287, 612 A.2d 434 (1992), *quoting Republic Steel Corp. v. Workmen's Compensation Appeal Board (Shinsky)*, 492 Pa. 1, 5, 421 A.2d 1060, 1062–1063 (1980), this Court stated that "[s]ubstantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.... Review of the findings of fact is limited to the question of whether the [referee's] findings are adequately supported by the evidence as a whole; credibility is solely an issue for the finder of fact; ..."

the claimant's home. After the claimant failed to apply for any of these positions, her employer filed a petition for suspension and/or modification of her workers' compensation benefits. The claimant testified that she did not apply for these positions because of her preference not to drive in ice or snow. Accepting the claimant's testimony, the referee found that the jobs were unsuitable for her. The Board reversed, and they found there was no justification for the referee's conclusion that four (4) of the jobs were unsuitable, based on their location and claimant's preferences. This Court affirmed the decision of the Board, stating that:

> ... our decision in *Titusville* [*supra*] was not based on the claimant's preference to work only in her home town, but because claimant neither had personal or accessible public transportation to the position offered. As long as the position is within a geographic area where others in the same community would accept employment, a person's personal preference as to where he or she would like to work is irrelevant as long as he or she is physically able to perform the available job.

*Id.* at 197, 598 A.2d at 1034.

In the present case, Claimant did not offer a personal preference as the basis for his rejection of the sales clerk position. Rather, the cause for Claimant's rejection of the position were objective and substantiated reasons, namely, his lack of a reliable vehicle as well as lack of public transportation to the area of work.

Accordingly, the Board properly affirmed the referee's decision denying Employer's petition.

## ORDER

AND NOW, this 9th day of March, 1994, the Order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.