**SOUTH HILLS MOVERS, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PORTER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 14, 2003.

Decided Aug. 13, 2003.

**1264**

Lee Ann Rhodes, Pittsburgh, for petitioner.

Gary D. Monaghan, Uniontown, for respondent.

BEFORE: COLINS, President Judge, LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

LEADBETTER, Judge.

South Hills Movers (employer) appeals from an order of the Workers' Compensation Appeal Board (Board) denying employer's petition to modify or suspend compensation benefits payable to Ervin Porter. The issue raised on appeal is whether the Workers' Compensation Judge (WCJ) and the Board erred in concluding that employer's modified light-duty position was not actually available to Porter due to non-medically related circumstances. We affirm.

In December of 1997, Porter sustained a work-related injury while working as a mover/packer for South Hills Movers and was, subsequently, awarded full disability benefits. In June of 2000, employer filed a petition for modification/suspension of benefits alleging that Porter was released to return to work and that there was light-duty work available with employer at its warehouse in accordance with the physical limitations set out by his treating physicians. In support of its petition, employer submitted the deposition of Dr. Richard Kaplan, a board-certified physician in physical medicine and rehabilitation, and the deposition of Robert Hutton, director of safety and operations for employer. In addition, employer presented an examination report from Dr. David Zorub, a neurological/spinal surgery specialist, and a functional capacity evaluation performed by Health South Harmarville Rehabilitation Hospital to corroborate Dr. Kaplan's testimony with regard to Porter's physical capabilities. Porter testified on his own behalf and presented the testimony of Dr. Larry Papincak, a board-certified anesthesiologist, who provided Porter with treatment for pain management.

Based on the evidence presented, the WCJ made the following relevant findings of fact:

9. .... The distance between [Porter's] home and his place of employment is approximately 46 miles one way ....

10. [Porter] does not have a valid Pennsylvania driver's license as it was suspended due to a DUI conviction. He has not held a valid driver's license since 1979 and, before his injury, his wife used to take him to and from work when he was required to report to the employer's job site. At the time of [Porter's] testimony ... his wife was not able to drive him to work

[due to emphysema and high blood pressure].

11. Most of [Porter's] pre-injury work for his employer was out of town moving work where he would not be required to commute from his home to the job site on a daily basis. In [Porter's] former position as a mover helper, he might travel with a moving truck across the country ... and was often away from home for two weeks to a month at a time. [Porter] took the position with South Hills Movers ... because it was all out of town work which kept him from having to drive to and from the employer's office ....

13. [Porter] is capable of performing the light-duty position offered to him by the employer on a full-time basis. [I] find the testimony of Dr. Kaplan to be more credible than that of Dr. Papincak with respect to [Porter's] work capabilities. I am especially convinced that the claimant can do the light-duty offered to him on a 40 hour per week basis since the employer has indicated that job could be accommodated so that [Porter] is not required to lift [sic] an excess of ten pounds.

14. [Porter] is not able to get from his home to the employer's work place in Bethel Park because he does not have a driver's license and because his wife is unable to take him to work as she had previously on an intermittent basis.

(WCJ's opinion and order, October 22, 2001). Notwithstanding the WCJ's determination that Porter was physically capable of performing light-duty work on a full time basis, the WCJ concluded that employer did not meet its burden because the offered position was not actually available due to Porter's lack of transportation to employer's warehouse. The Board affirmed and the present appeal followed.

On appeal, employer does not dispute the WCJ's finding that Porter has limited access to transportation. Rather, employer contends that the WCJ erred by taking into account Porter's "transportation difficulties" in determining whether the offered light-duty position in employer's warehouse was actually available.[1] Specifically, employer argues that Porter's transportation issues should not play a factor in determining whether its post-injury job offer was actually available because it was never under an obligation to accommodate Porter's problems in his pre-injury position.

 When attempting to modify or suspend disability benefits, the employer must demonstrate that in making a particular job referral, the job is "actually available" to the claimant. *Westerwald Pottery Corp. v. Workmen's Compensation Appeal*

1. Employer also argues that Porter's transportation problems are irrelevant because it is offering a light-duty "on the road" position, in addition to the job in its warehouse, that is similar to his pre-injury employment. However, employer has not produced any evidence that Porter has been given medical clearance to perform "on the road" light-duty work. The job description reviewed and approved by Dr. Kaplan does not stipulate the length or duration of travel that is required. Furthermore, Dr. Kaplan testified only as to Porter's ability to travel 45 minutes to an hour at a time. Thus, employer has failed to meet its burden in demonstrating that Porter is capable of performing light-duty "on the road" moving work. *Kachinski v. Workmen's Comp. Appeal Bd. (Vepco Constr. Co.)*, 516 Pa. 240, 252, 532 A.2d 374, 380 (1987) (an employer who seeks to modify claimant's benefits on the basis of a changed medical condition must produce evidence of an open job which fits in the occupational category for which claimant has been given medical clearance).

*Board (Watters),* 692 A.2d 1145, 1148 (Pa. Cmwlth.1997). A position will be deemed to be actually available if it can be performed by the claimant considering the claimant's physical limitations, age, education and other relevant considerations, such as place of residence. *Id.* at 1148 [*citing Dilkus v. Workmen's Comp. Appeal Bd. (John F. Martin & Sons),* 543 Pa. 392, 671 A.2d 1135 (1996) ].

Employer relies on *Davis v. Workers' Compensation Appeal Board (H.M. Stauffer & Sons, Inc.),* 760 A.2d 899 (Pa. Cmwlth. 2000) and *Westerwald* to support its contention that any non-medically-related problems that inhibit a disabled worker from accepting suitable employment are irrelevant in determining whether a position is actually available, provided that the worker had the same problems when the injury occurred. However, employer's interpretation of the holding in *Davis* and *Westerwald* is too broad. In *Davis,* we held that claimant could not use lack of transportation as a reasonable excuse for not accepting employment that was in the same general location of his pre-injury job without further evidence that his prior transportation arrangement was no longer available. Similarly, in *Westerwald,* we concluded that claimant could not complain of babysitting difficulties in turning down a job offer in light of the fact that she had successfully arranged for child care at her pre-injury position. Thus, in both cases, claimants' pre-injury conduct established a reasonable expectation as to claimants' ability to satisfy certain obligations, namely, the ability to get to and from an offered post-injury job. However, if an offered post-injury job imposes obligations different from those of claimant's pre-injury employment, employer must produce evidence that the new responsibilities are within claimant's capabilities.

Here, employer's light-duty position requires Porter to commute 46 miles one way to employer's warehouse on a daily basis and, as a result, imposes a new obligation on claimant that was never part of his pre-injury job duties. Thus, unlike the claimants in *Davis* and *Westerwald,* Porter has not demonstrated through prior job performance that he is able to overcome his travel limitations and comply with the commuting requirements of the light-duty position. Furthermore, employer has not produced any evidence, such as the availability of public transportation or a car pool arrangement, to support a finding that Porter is capable of commuting to employer's warehouse everyday despite the fact that he does not have a valid driver's license and can no longer rely on his wife for transportation. Accordingly, employer has failed to meet its burden in demonstrating that the offered light-duty position is actually available.

For the foregoing reasons, we affirm.

### ORDER

AND NOW, this 13th day of August, 2003, the order of the Workers' Compensation Appeal Board in the above captioned matter is hereby AFFIRMED.