**PA DEPARTMENT OF CORREC- TIONS/SCI–GREENSBURG,**
Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (ZVARA),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 8, 2008.

Decided May 12, 2008.

Thomas D. Gladden, Pittsburgh, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH– RIBNER.

Employer, Pennsylvania Department of Corrections/SCI–Greensburg, petitions for review of an order of the Workers' Compensation Appeal Board that affirmed the Workers' Compensation Judge's (WCJ) order denying Employer's modification petition to reduce benefits to Claimant, Andrew S. Zvara, pursuant to the second

paragraph of Section 413(a) of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772 (modification of award on change in disability). Employer's question is whether the Board erred in affirming the denial of Employer's modification petition where the WCJ found Claimant to be physically capable of performing the jobs in question and he never argued that the jobs were unavailable due to a lack of transportation.[1]

Claimant sustained a work-related neck injury on September 25, 1988 while working as a corrections officer. Claimant received weekly compensation benefits of $252.26, later increased to $377 in 1989, pursuant to a notice of compensation payable describing the work injury as a cervical strain/sprain. On September 17, 2004, Claimant was released to work following an evaluation conducted by Dr. J. William Bookwalter, III. The doctor determined that Claimant could perform sedentary or light-duty work in spite of his "mild spasm, give away weakness ... in the right upper extremity and hypalgesia in the entire upper right extremity[.]" WCJ Finding of Fact 16.

Between November 2004 and February 2005, Employer notified Claimant of five jobs for which he had been medically cleared. They included: secretary for Villi Electrical, telemarketer for Reese Teleservices, crew member for McDonald's Restaurant, greeter for Wal–Mart Super Center and front desk clerk for the Sheraton Four Points. The positions at Villi Electrical, Reese Teleservices and the Sheraton Four Points were full time at forty hours per week, and the positions at McDonald's Restaurant and Wal–Mart Super Center required twenty to thirty hours of work per week. All of the jobs could involve evening and weekend hours, except

for Villi Electrical, and other than Villi Electrical and Wal–Mart Super Center the jobs are located in or near the Westmoreland Mall or its Annex. Claimant lives alone, does not drive and for transportation relies on the goodwill of his former daughter-in-law, Ms. Sever. Claimant did not apply for any of the jobs.

On March 7, 2005, Employer filed a Modification Petition seeking to reduce Claimant's weekly benefits to $148.86 because he failed to apply in good faith for available jobs within his physical, vocational and geographic capabilities. Based on the whole record, the WCJ found that none of the jobs were available to Claimant because available bus service to the Westmoreland Mall or its Annex would not enable Claimant to work forty hours or to work evenings, and Employer failed to provide information to establish that the available bus transportation was compatible with the hours required or that any of the prospective employers were willing to modify the hours to coincide with the bus transportation. The WCJ found in particular as follows:

> [Ms. Kathleen F.] Loriso [Employer's vocational specialist] merely indicated that all jobs were located along the bus route from Mr. Zvara's home. She did not provide any data to establish that the available bus transportation was compatible with the hours required by the job or that any of the prospective employers were willing to modify the hours to coincide with the bus transportation. All positions but the secretary for Villi Electrical could involve evening and weekend hours.
>
> . . . .
>
> The bus service available to the Westmoreland Mall or its Annex does not

---

1. Respondent was precluded from filing a brief for failing to comply with this Court's order of January 2, 2008 to file Respondent's brief within fourteen days of the order.

provide transportation which would enable him to work forty hours or evenings at these locations. The earliest bus enabled Mr. Zvara to arrive at the Mall at 8:23–8:24 a.m., which suggests that he could start as early as 8:30[a].m. Then, he would not finish before 5:00 p.m . . . . or before 4:30 p.m. . . . He will not be able to take the bus to the Transit Center that would connect with a bus going back to Jeanette. . . . Thus, the full time positions at Reese Services, McDonald's Restaurant, and Sheraton are not available since he would have no way to get home at the end of the day. Nor could he work evening hours at any of these three locations for the same reason.

WCJ Finding of Fact 21. Also, based on her knowledge of the area, the WCJ found that the job at the Sheraton would be unavailable due to the additional safety concerns related to crossing a congested four-lane highway with no crosswalks to reach the job. In Finding of Fact 21, the WCJ explained her reasoning with respect to the positions at Wal–Mart Super Center and Villi Electrical:

Ms. Loriso provided no information to establish that the hours . . . at WalMart would be compatible with the hours allocated by the bus schedule as she did not establish that he would not be required to work in the evenings or that WalMart would be willing to arrange Mr. Zvara's hours to be compatible with the bus schedule. In addition, Ms. Loriso did not provide any information as to the bus route from the claimant's home to the actual worksite for Villi Electrical.

In affirming the WCJ, the Board rejected Employer's argument that it met the burden under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Constr. Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), and that Claimant never raised a lack of transportation as the reason for failing to apply.[2] The Board stated:

Kachinski . . . sets forth the guidelines governing an employer's burden for proving work availability for injured employees when a modification petition is filed. These include: (1) the employer must produce medical evidence of a change in condition; (2) the employer must produce evidence of referrals to then open jobs, which fit into the occupational category for which the claimant has been given medical clearance; (3) the claimant must demonstrate that the claimant acted in good faith following through on job referrals and; (4) if the referral fails to result in a job, then the claimant's benefits should continue. Id.

Under the second prong of the Kachinski analysis, an employer, when referring an injured employee to a job, has the burden of proving that the job is actually available. Karpulk v. WCAB (Worth & Co.), 708 A.2d 513 (Pa. Cmwlth.1998). A position is actually available, only if the claimant can perform the job, having regard to his physical restrictions and limitations, age, intellectual capacity . . . and other relevant considerations, such as place of residence. Id. The issue of the geographic accessibility of the referred positions in relation to the claimant's place of residence has been held to be an aspect of the defendant's case in chief, such that unreasonable contest attorney's fees were awarded where the defendant failed to establish that the referred positions were geographically

2. The Court's review of the Board's order is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether the findings of fact are supported by substantial evidence. *Lord & Taylor v. Workers' Compensation Appeal Board (Bufford)*, 833 A.2d 1223 (Pa.Cmwlth.2003).

appropriate. Peljae v. WCAB (Mrs. Smith's Frozen Foods), 667 A.2d 763 (Pa.Cmwlth.1995); see also Goodwill Indus. of Pittsburgh v. WCAB (Friend), 158 Pa.Cmwlth. 292, 631 A.2d 794 (1993) (holding that a job was outside of the claimant's geographic area ... because a three-hour per day bus commute when compared with a four-hour workday was unreasonable). Where the evidence establishes that the claimant does not drive, the WCJ did not err in determining that only those positions reasonably accessible by public transportation are available to the claimant. Del. Valley Truck Parts v. WCAB (Eskuchen), 168 Pa.Cmwlth.162, 649 A.2d 999 (1994). If an employer proves that suitable work is available to a claimant, the burden shifts to the claimant to prove that he responded to the available job in good faith. Darrall v. WCAB (H.J. Heinz Co.), 792 A.2d 706 (Pa.Cmwlth.2002).

Board Opinion, pp. 2–4.

The Board concluded that because Claimant does not drive, the only positions actually available were those that were reasonably accessible to him by public transportation. Eskuchen. Because the WCJ found that Employer did not establish that the positions were reasonably accessible by public transportation based on Claimant's place of residence, Friend, Employer did not meet its burden. Moreover, the WCJ did not err in this regard because Claimant does not drive. As for Claimant's failure to apply, the Board noted that it was Employer's burden to show referral to jobs that were actually available and that the burden never shifted to Claimant to show that he followed through in good faith. Kachinski. The Board dismissed the contention that the WCJ improperly drew from personal knowledge in making findings where the WCJ's interpretation of the bus schedule, the hours of operation of

the positions and the route that Claimant would have to traverse to get to the Sheraton Four Points job simply reflected a common sense review of the evidence. See Kachinski (holding that job referral should be reviewed in common sense manner to determine whether job is suitable and actually available).

Employer argues that it met its burden under Kachinski by finding and notifying Claimant of open jobs for which he was medically cleared and that it is entitled to a modification because the WCJ found that Claimant could perform any of the jobs and acted in bad faith by failing to apply. In addition, the WCJ erred by introducing sua sponte the transportation availability issue. Claimant's lack of driving should not automatically lead to a conclusion that he can access only public transportation, as the WCJ assumed, and Ms. Sever testified that she could drive Claimant wherever he needed to go. Given her testimony, public transportation was irrelevant to determining whether the jobs were actually available. No matter, Employer provided undisputed testimony that the jobs were on the bus line and thus were available to Claimant. Also, Claimant is not medically restricted from driving, and no evidence shows that his lack of driving was related to his injury.

■ As stated by the Board, the Supreme Court in Kachinski held, among other things, that a job is actually available only if the job can be performed by a claimant having regard for the claimant's physical restrictions and limitations and other relevant considerations. Other relevant considerations include factors such as the geographical accessibility of a referred position in relation to the claimant's place of residence. In South Hills Movers v. Workers' Compensation Appeal Board (Porter), 829 A.2d 1263 (Pa.Cmwlth.2003),

this Court held that the employer had the burden of proving that the claimant could commute to the job by showing access to some form of transportation such as public transportation or a car pool arrangement. The claimant did not have a valid driver's license due to a DUI conviction, and he could not rely upon his wife for transportation. Once the employer meets its burden, the burden shifts to the claimant to show a good-faith follow through on the job referral. *Kachinski.*

■ Based upon its review, the Court concludes that Employer here failed to meet its burden under *Kachinski* to show that the referred jobs were actually available to Claimant: it failed to show that he had access to some form of transportation to allow him to commute to and from work. After reviewing the evidence, the WCJ found that the existing bus service identified by Employer would be inadequate to fulfill the hours' requirement of the referred positions and that there was no evidence to show that prospective employers would be willing to modify the hours to coincide with the bus schedule. Additionally, there was no evidence to show that the Villi Electrical worksite is accessible by bus, and the WCJ found that Claimant could not safely walk to the Sheraton Four Points from the bus stop. Therefore, the Board did not err in concluding that Employer failed to meet its burden and that Claimant's failure to follow through on the job referrals is irrelevant because, under *Kachinski,* the burden never shifted to him.

Apart from *Kachinski* Employer cites no other caselaw for support. Its conten-

tion that the WCJ *sua sponte* raised transportation as an issue lacks merit because it submitted into evidence the bus schedule to prove that Claimant could commute by public transportation, and the WCJ merely examined the evidence in her fact-finding role. Employer knew that Claimant had no transportation: "Ms. Keptner . . . located positions that were on the . . . Bus Line, as Employee had previously indicated he did not have transportation." Employer's Brief, p. 5. Clearly, the WCJ did not raise the issue *sua sponte,* and the Court agrees with the Board that the WCJ's interpretations represented a common sense review of the evidence consistent with *Kachinski.*

Finally, the assertion that Ms. Sever could provide daily transportation to Claimant is not supported, and the WCJ made no such finding. Employer's argument is based upon a single misleading inference from Ms. Sever's testimony:

Q: You've driven him to doctors' appointments, to different appointments over the years, is that correct?

A: Yes.

Q: Is it fair to state that you're available to drive him when he needs to be driven somewhere? Has that been the general rule over the last four or five years?

A: Yeah, for the most part, yes.

N.T. March 20, 2006, p. 13; R.R. at 200a. The Board was correct in rejecting Employer's characterization of the above testimony as establishing that Ms. Sever would drive Claimant to and from work on a daily basis.[3] Accordingly, because no

**3.** Employer maintains that Claimant's lack of driving is irrelevant in deciding availability of the referred jobs because it is unrelated to the work injury and he is not medically restricted from driving. Claimant's lack of driving in this situation does not relieve Employer of its

burden to show that Claimant has available transportation. *South Hills Movers.* Employer neither disputes that Claimant has not driven since 1995 or 1996 nor alleges his bad faith in this regard.

error was committed by the Board, its order denying the modification is affirmed.

## ORDER

AND NOW, this 12th day of May, 2008, the Court affirms the order of the Workers' Compensation Appeal Board.