# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Anthony Nahas, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 726 C.D. 2017 |
| | : | Submitted: May 4, 2018 |
| Workers' Compensation Appeal | : | |
| Board (Synergistic Partners, Inc.), | : | |
| | : | |
| Respondent | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
HONORABLE ROBERT SIMPSON, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                                       **FILED:  July 26, 2018**

Anthony Nahas (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed a decision of a Workers' Compensation Judge (WCJ) suspending Claimant's disability benefits under the Workers' Compensation Act (the Act).[1]  We affirm.

On December 13, 2010, Claimant sustained an injury to his right knee, ankle, and foot in his work for Synergistic Partners, Inc. (Employer) as a warehouse receiver and painter.  (2013 WCJ Decision Findings of Fact (F.F.) ¶¶1-3, 19, Reproduced Record (R.R.) at 10a-11a, 17a.)  Employer issued a Notice of Compensation Payable recognizing this work injury as knee and foot sprains.  (*Id.*

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

F.F. ¶2, R.R. at 10a.) Claimant returned to lighter duty work, but suffered an aggravation of this work injury on June 9, 2011 when he caught a heavy falling pipe at work. (*Id.*) Following the June 9, 2011 work accident, Claimant left work and has not returned to work in any capacity. (*Id.* Conclusion of Law (C.L.) ¶4, R.R. at 21a; 2016 WCJ Decision F.F. ¶3.)

In 2011, Employer filed a termination petition asserting that Claimant had recovered from his work injury and a suspension petition based on Claimant's refusal of work within his medical restrictions, and Claimant filed a penalty petition based on Employer's failure to pay him total disability benefits. On May 16, 2013, a WCJ issued a decision granting Claimant's penalty petition and denying Employer's termination and suspension petitions. With respect to the suspension petition, this WCJ found that the sedentary job that Employer had offered was at its office in Lawrence, Pennsylvania, 40 miles from Monessen, Pennsylvania, where Claimant lives and where the plant at which he had previously worked is located. (2013 WCJ Decision F.F. ¶¶11, 16, 22, R.R. at 13a, 16a, 18a-19a.) The WCJ held that Employer did not meet its burden of proving that it had offered work to Claimant within his restrictions because of the distance that Claimant would have to travel to the job and because Claimant's ability to drive was restricted. (*Id.* F.F. ¶ 22, C.L. ¶3, R.R. at 18a-19a, 20a-21a.)

On March 5, 2014, Employer filed the suspension petition at issue here alleging that Claimant had refused work within his medical restrictions. Employer also filed two termination petitions asserting that Claimant had recovered from his work injury, and in 2013 filed a suspension petition asserting that Claimant had failed to attend physical therapy. Claimant filed a review petition on July 30, 2014 seeking to expand the description of his work injury to include complex regional

2

pain syndrome type 2 and also filed a petition for review of a utilization review determination that physical therapy provided to Claimant after January 24, 2014 was not reasonable or necessary. The six petitions were heard together and eight evidentiary hearings were held before a WCJ. Claimant, Employer's human resources coordinator, and a claims representative for Employer's workers' compensation insurer testified at these evidentiary hearings. In addition, the WCJ visited Employer's Lawrence office, accompanied by counsel for both parties, and observed the work involved in the position on which Employer's suspension petition was based.[2] Trial depositions of Claimant's treating physicians, Drs. Hasselman, Cortazzo, and Papas, and two physicians who examined Claimant on behalf of Employer, Drs. Kann and Cosgrove, were also admitted in evidence.

The job offered by Employer to Claimant on which the suspension petition was based was a sedentary position as a mail/file clerk. (2016 WCJ Decision F.F. ¶25; Employer Ex. B, R.R. at 40a-43a.) The position was at the same weekly wages as Claimant was earning at the time of his December 2010 injury. (2/9/15 Hearing Transcript (H.T.) at 19, R.R. at 854a.) At the time that Employer filed its suspension petition and throughout most of the WCJ hearings, this position was located only at Employer's Lawrence office. (2/10/14 H.T. at 15-19, R.R. at 325a-329a; 2/9/15 H.T. at 20-22, R.R. at 855a-857a.) At the May 5, 2015 WCJ hearing, Employer's human resources coordinator testified that the same mail/file clerk position at the same weekly pay was available to Claimant at the Monessen facility

---

[2] The petitions were originally assigned to the same WCJ who issued the 2013 decision and four of the hearings in 2013 and 2014 were held before him. That WCJ, however, passed away during the course of these proceedings, and the petitions were reassigned, with the consent of the parties, to a second WCJ who had conducted one of the first five hearings for the first WCJ in 2014 prior to his death. The final three evidentiary hearings in 2015 were held before the second WCJ, who issued the decision on the petitions, and the second WCJ visited Employer's office to observe the job at issue in the suspension petition.

3

and that Employer was offering this position at Employer's Monessen facility to Claimant. (5/6/15 H.T. at 11-17, R.R. at 933a-939a.) Employer's human resources coordinator also testified that the Monessen facility is on a public bus line and that Employer would be willing to pick Claimant up from the nearest bus stop. (*Id.* at 20-21, R.R. at 942a-943a.) A video of the area of the Monessen facility where Claimant would work was introduced in evidence, and Employer subsequently confirmed the Monessen sedentary mail/file clerk job offer to Claimant and its terms in writing. (*Id.* at 8-9, R.R. at 930a-931a; 6/29/15 H.T. at 8-11, R.R. at 991a-994a; Employer Ex. O, R.R. at 61a-62a.) In addition, Employer's insurer's claims representative testified that the insurer would pay for the cost of modifying a vehicle owned by Claimant so that it could be operated by hand controls. (12/16/14 H.T. at 16-17, 23, R.R. at 758a-759a, 765a.)

Claimant testified that he has severe pain in his right foot and cannot put weight on that foot or pressure on the bottom of that foot. (2/10/14 H.T. at 23-25, 31, 33, 44-49, R.R. at 333a-335a, 341a, 343a, 354a-359a.) Claimant testified that he has a valid driver's license and owns five cars and trucks, but that he is unable to drive because he cannot press with his right foot on the accelerator or brake. (2/10/14 H.T. at 24-25, 32, 41, 46, 53, R.R. at 334a-335a, 342a, 351a, 356a, 363a; 7/14/14 H.T. at 28, R.R. at 470a; 10/6/14 H.T. at 7, 10, R.R. at 665a, 668a; 5/6/15 H.T. at 26, 46-47, R.R. at 948a, 968a-969a.) At the February 10, 2014 WCJ hearing, Claimant testified that he could not return to work because of his inability to drive and the distant location of Employer's Lawrence office and admitted that he could sit without severe pain and might be able to work at the sedentary mail/file clerk job that Employer had offered with some accommodations if it were not for the transportation and distance problems. (2/10/14 H.T. at 42-45, 48-49, R.R. at 352a-

4

355a, 358a-359a.) At that time, Claimant testified that the Monessen facility was only about a mile from his house and that he had no objection to the Monessen location. (*Id.* at 43-44, R.R. at 353a-354a.) After Employer's offer of the mail/file clerk position at the Monessen facility, Claimant testified that he could not work full-time and that he could not drive to the Monessen facility regularly because of his pain even if one of his vehicles was fitted with hand controls. (6/29/15 H.T. at 14-16, 25-27, R.R. at 997a-999a, 1008a-1010a.) In addition, Claimant asserted after the Monessen job offer that there were hills and stairs that he could not navigate on crutches between his house and the bus stop and that two of the five vehicles that he owns were not operational. (5/6/15 H.T. at 25-26, 44, R.R. at 947a-948a, 966a; 6/29/15 H.T. at 31, 37, R.R. at 1014a, 1020a.)

Dr. Hasselman, an orthopedic surgeon who treated Claimant's foot and ankle, and Dr. Cortazzo, a pain medicine physician, opined that Claimant had not recovered from his work injury, that he suffered from complex regional pain syndrome type 2 as a result of the work injury, and that he was not capable of returning to his time of injury job. (Claimant Ex. 6, 2014 Hasselman Dep. at 19-20, R.R. at 496a-497a; Claimant Ex. 7, Cortazzo Dep. at 27-29, R.R. at 593a-595a.) Dr. Papas, an orthopedic surgeon who treated Claimant's knee, opined that he suffered from chondrosis of the right knee as a result of the work injury, that Claimant had not recovered from this injury, and that he was not capable of returning to his time of injury job. (Claimant Ex. 11, 2014 Papas Dep. at 18-20, R.R. at 788a-790a.) Drs. Hasselman, Cortazzo, and Papas, however, all testified that Claimant was able to do full-time sedentary work. (Claimant Ex. 6, 2014 Hasselman Dep. at 20, 28, 31, 52, R.R. at 497a, 505a, 508a, 529a; Claimant Ex. 7, Cortazzo Dep. at 29-30, 55, R.R. at 595a-596a, 621a; Claimant Ex. 11, 2014 Papas Dep. at 20, 34, R.R. at 790a, 804a.)

5

Drs. Hasselman and Cortazzo testified that Claimant cannot drive because he cannot safely use his right foot on the brake and accelerator, but that he could drive a vehicle fitted with hand controls. (Claimant Ex. 6, 2014 Hasselman Dep. at 20, 28, 30-31, 49, R.R. at 497a, 505a, 507a-508a, 526a; Claimant Ex. 7, Cortazzo Dep. at 48-49, R.R. at 614a-615a.) Dr. Papas testified that Claimant's knee condition did not restrict his ability to drive. (Claimant Ex. 11, 2014 Papas Dep. at 20-21, R.R. at 790a-791a.)

Dr. Kann opined that Claimant had recovered from his work injury, that he did not suffer from complex regional pain syndrome, and that he was capable of returning to work full-time without restrictions. (Employer Ex. E, Kann Dep. at 14-16, 20-22, R.R. at 380a-382a, 386a-388a.) Dr. Cosgrove testified that he found no objective evidence of complex regional pain syndrome in his examination of Claimant and opined that Claimant was capable of full-time sedentary work. (Employer Ex. M, Cosgrove Dep. at 12-16, 26-27, R.R. at 879a-883a, 893a-894a.) Both Drs. Kann and Cosgrove testified that Claimant was unrestricted in his ability to drive. (Employer Ex. E, Kann Dep. at 14-15, 19, 30-32, R.R. at 380a-381a, 385a, 396a-398a; Employer Ex. M, Cosgrove Dep. at 19-21, R.R. at 886a-888a.)

On January 8, 2016, the WCJ issued a decision granting Claimant's review and utilization review petitions, granting Employer's petition to suspend benefits for refusal of work, and denying Employer's termination petitions and petition to suspend benefits for failure to attend physical therapy. In this decision, the WCJ found the testimony of Drs. Hasselman, Cortazzo, and Papas credible, rejected the testimony of Dr. Kann that Claimant had fully recovered from his work injury, and rejected the testimony of Drs. Kann and Cosgrove to the extent that they opined that Claimant did not suffer from complex regional pain syndrome type 2.

6

(2016 WCJ Decision F.F. ¶¶21, 23.) The WCJ, accordingly, held that the description of Claimant's work injury should be expanded to include complex regional pain syndrome type 2 and ruled that Employer had not satisfied its burden with respect to its termination petitions. (*Id.* C.L. ¶¶3, 6.) The WCJ also found the testimony of Employer's human resources coordinator and the claims representative credible and rejected as not credible Claimant's testimony that he could not work full-time at the mail/file clerk job offered by Employer and could not travel to Employer's Monessen facility. (*Id.* F.F. ¶25, C.L. ¶2.) The WCJ concluded that the mail/file clerk position offered by Employer at its Monessen facility was sedentary work within the restrictions set by Claimant's treating physicians, held that Employer had satisfied its burden of proving that it made work available within Claimant's physical restrictions on May 6, 2015, and ordered suspension of Claimant's disability benefits as of that date. (*Id.* F.F. ¶25, C.L. ¶2 & Order.)[3] Both Claimant and Employer appealed, and on May 10, 2017, the Board affirmed the WCJ's decision. Only Claimant has appealed the Board's decision to this Court and only the WCJ's granting of Employer's suspension petition is at issue in this appeal.[4]

Under Section 413(a) of the Act, a claimant's disability benefits may be suspended, even though he has not recovered from his work injury, where the employer establishes that it has offered the claimant a specific available job within

---

[3] The WCJ also rejected the utilization reviewer's opinion that Claimant's physical therapy was not reasonable or necessary, found that Claimant did not refuse to attend physical therapy and ruled that Employer had therefore not satisfied its burden of proof with respect to the utilization review petition or its suspension petition based on failure to attend physical therapy. (2016 WCJ Decision F.F. ¶¶22, 24, C.L. ¶¶4-5.)

[4] Our review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence or whether constitutional rights were violated. *Royal v. Workers' Compensation Appeal Board (Mayfield Foundry, Inc.)*, 722 A.2d 1145, 1147 n.2 (Pa. Cmwlth. 1999).

his physical restrictions at no loss of pay and the claimant does not accept the job offer. 77 P.S. § 772 (a WCJ "may, at any time, modify, reinstate, suspend, or terminate" disability benefits "upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased"); *Royal v. Workers' Compensation Appeal Board (Mayfield Foundry, Inc.)*, 722 A.2d 1145, 1148 (Pa. Cmwlth. 1999); *IGA Food Mart v. Workmen's Compensation Appeal Board (Kugler)*, 674 A.2d 359, 363 (Pa. Cmwlth. 1996). "Disability is synonymous with earning power; thus, where the employer shows that the claimant can earn pre-injury wages, the claimant is no longer disabled in the legal sense, and benefits will be suspended." *Royal*, 722 A.2d at 1148. Here, the testimony of Employer's human resources coordinator established that Employer had offered Claimant a full-time sedentary job at his pre-injury wages and work location, Claimant's physicians opined that Claimant was capable of full-time sedentary work, and the WCJ found from his observation of the job that this position was within the physical restrictions established by Claimant's physicians.

A position within the claimant's physical limitations is not an available job and cannot support the modification or suspension of benefits if there is no means of transportation for the claimant to get to the workplace. *PA Department of Corrections/SCI-Greensburg v. Workers' Compensation Appeal Board (Zvara)*, 948 A.2d 244, 247-48 (Pa. Cmwlth. 2008); *South Hills Movers v. Workers' Compensation Appeal Board (Porter)*, 829 A.2d 1263, 1266 (Pa. Cmwlth. 2003). Employer demonstrated, however, and the WCJ found, that Claimant could commute to the offered job. The job was at Employer's Monessen facility, less than two miles from Claimant's home. Although two of Claimant's treating physicians

8

testified that Claimant's right foot condition restricted his ability to drive, both of those physicians testified that Claimant could drive a car that was fitted with hand controls and insurer's claims representative testified that Employer would pay for modification of one of Claimant's vehicles to hand controls.

Claimant argues that the WCJ erred in finding Employer's human resources coordinator and the claims representative credible and in rejecting his testimony that he could not work or drive a vehicle with hand controls to work regularly because of his pain and that he could not travel safely by bus. These arguments are without merit.

Determination of the credibility of witnesses is a matter solely for the WCJ, and neither the Board nor this Court may reweigh the WCJ's credibility determinations. *Hawbaker v. Workers' Compensation Appeal Board (Kriner's Quality Roofing Services and Uninsured Employer Guaranty Fund)*, 159 A.3d 61, 69 (Pa. Cmwlth. 2017); *Furnari v. Workers' Compensation Appeal Board (Temple Inland)*, 90 A.3d 53, 59-60, 70 (Pa. Cmwlth. 2014); *Elliott Turbomachinery Company v. Workers' Compensation Appeal Board (Sandy)*, 898 A.2d 640, 647 (Pa. Cmwlth. 2006). The WCJ has exclusive province over questions of credibility and evidentiary weight, and may accept or reject the testimony of any witness in whole or in part, even if the witness's testimony is uncontradicted. *Hawbaker*, 159 A.3d at 69; *Elliott Turbomachinery Company*, 898 A.2d at 647; *Capasso v. Workers' Compensation Appeal Board (RACS Associates, Inc.)*, 851 A.2d 997, 1002 (Pa. Cmwlth. 2004). Unless made arbitrarily or capriciously, a WCJ's credibility determinations are not grounds for reversal on appeal. *Furnari*, 90 A.3d at 70.

The WCJ's credibility determinations here were neither arbitrary nor capricious. Because Employer's human resources coordinator and Claimant

testified in person before the WCJ, the WCJ had the opportunity to observe their demeanor and could properly accept or reject their testimony on that basis alone. *See Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1052-53 (Pa. 2003). In addition, the WCJ explained that he found Claimant's testimony not credible because it changed during the course of the proceedings and noted that Claimant's claimed inability to return to work was contradicted by his own treating physician Dr. Cortazzo, who testified that Claimant's pain did not prevent him from working full-time at a sedentary job. (2016 WCJ Decision F.F. ¶25; *see* Claimant Ex. 7, Cortazzo Dep. at 55, R.R. at 621a.)

Nor is there any error in the WCJ's finding that the claims representative was credible. The claim's representative's testimony that the modification would be paid for was unequivocal and uncontradicted. (12/16/14 H.T. at 23, R.R. at 765a.) Claimant did not testify that he ever sought to have one of his vehicles modified to hand controls in the six months between the claims representative's testimony and the final evidentiary hearing, and no evidence was introduced that Employer ever withdrew or limited this offer or indicated any unwillingness to fully pay for hand-control modification.

Claimant also contends that the WCJ could not find that Employer offered available work on May 4, 2015 because the Monessen job offer was not fully set forth in writing at that time and the offer to modify one of Claimant's vehicles with hand controls was not submitted to Claimant in a formal written document. This argument likewise fails. A detailed written job description for the mail/file clerk position was provided by Employer before May 2015 from which a determination could be made that the job duties were consistent with Claimant's restrictions. (Employer Ex. B, R.R. at 40a-43a.) There is no requirement that all

details concerning a job offer be in writing. Modification or suspension of benefits may be based on an oral offer made in the course of litigation through testimony. *Crawford County Care Center v. Workmen's Compensation Appeal Board (Daly)*, 649 A.2d 203, 204-06 (Pa. Cmwlth. 1994) (upholding modification of benefits based on information concerning available work learned at hearings and deposition); *Devlin Electric, Inc. v. Workers' Compensation Appeal Board (Shurina)*, (Pa. Cmwlth., No. 837 C.D. 2013, filed Sept. 24, 2014), slip op. at 20 ("A job offer need not be made before litigation [and] can be made to the claimant orally during the course of the litigation, as confirmed through the employer's testimony".).[5]

For the foregoing reasons, we conclude that the WCJ committed no error in granting Employer's suspension petition. Accordingly, the order of the Board is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge

---

[5] Because *Devlin Electric* is an unreported decision, it is not binding precedent, but is considered by the Court for its persuasive value. 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anthony Nahas, :
:
           Petitioner :
:
        v. : No. 726 C.D. 2017
:
Workers' Compensation Appeal :
Board (Synergistic Partners, Inc.), :
:
          Respondent :

## **O R D E R**

AND NOW, this 26th day of July, 2018, the order of the Workers' Compensation Appeal Board in the above matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge